[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted suit against the defendant, Merrifield Paint Company, Inc., setting out a case of product liability. Essentially, it is claimed that the plaintiff worked for Renaissance Enterprises, a painting company and used a product of Merrifield, a paint supply company. He was injured by noxious and dangerous fumes from the sheet rock sealer he was using. It is claimed that his employer, Renaissance, provided the sealer to be used by the plaintiff which Renaissance had purchased from Merrifield.
The plaintiff claims that the product was sold in a defective and unreasonably dangerous condition AND
The defendant failed to warn of the danger, etc.
In either case, the plaintiff claims that Merrifield knew of its dangerous characteristic or should have known of the same.
Renaissance, as the plaintiff's employer and workman compensation obligor joins on the intervening complaint as co-plaintiffs.
The paint supplier, Merrifield, by way of special defense claims that the plaintiff, Muller, was a sophisticated user of the substance AND the defendant had a right to rely on the fact that the plaintiff's employer, Renaissance, an intervening plaintiff as employer of plaintiff, Mullen, would tell and instruct Mullen how to use the dry wall sealer safely.
The purchase of the Sealer by Renaissance from Merrifield and the use of that sealer took place on or about October 24, 1989.
Applicable Conn. Gen. Stat. 52-572 (b) states.
 In any claim involving comparative responsibility, the court may instruct the jury to give answers to special interrogatories, or if there is no jury, the court may make its own findings, including (1) the amount of damages each claimant would receive if comparative responsibility were disregarded, and (2) the percentage of responsibility allocated to each party, including the claimant, as compared with the combined responsibility of all parties to the action. CT Page 351 For this reason, the court may decide that it is appropriate to treat two or more persons as a single party.
Keeping in mind that the plaintiff, Guy H. Mullen, his employer, Renaissance, and the defendant paint supplier, Merrifield, are all parties, the application of (b) and (c) and would appear to provide a jury or judge with the responsibility to apportion between the parties the percentage of responsibility of each party.
The question then arises does the special defense as plead provide the vehicle through which the defendant paint supplier can offer proof that the plaintiff user, Guy M. Mullen was a sophisticated user AND that his employer, Renaissance, knew of the substances' danger and had some obligation to its employee, Mullen, to instruct him on how to use the substance. Is there sufficient notice by the filing of this defense that this defendant paint manufacturer, Merrifield, intends to prove that Guy Mullen, the plaintiff, and his co-plaintiff employer, Renaissance, as parties to this action bore some percentage of responsibility for the injury of the plaintiff, Guy Mullen.
After a study of state statutes involved, the facts alleged in the various pleading, the court sustains the objection to the plaintiff's motion to strike and overrules the motion to strike.
J. WALSH, J.